UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GREGORY TATE,** | : | Civil No. 1:12-CV-932 |
| | : | |
| **Plaintiff** | : | |
| | : | (Judge Conner) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **COMMONWEALTH OF** | : | |
| **PENNSYLVANIA,** | : | |
| | : | |
| **Defendant.** | : | |

**REPORT AND RECOMMENDATION**

**I.     Statement of Facts and of the Case**

This case, which comes before the court for a statutorily mandated screening review, represents the third attempt by the *pro se* plaintiff, Gregory Tate, to properly file a civil rights action *in forma pauperis*. (Docs. 1, 11, and 20.) By prior order,[1] we notified Tate that his previous efforts were legally insufficient, but provided him with a further opportunity to endeavor to properly state a cause of action under federal law. (Doc. 17.)

On August 22, 2012, Tate took advantage of this opportunity and filed this, his second amended complaint in this action. (Doc. 20.) In this second amended

---

[1] This matter was previously assigned to United States Magistrate Judge J. Andrew Smyser, but upon Judge Smyser's retirement has been reassigned to the undersigned for further proceedings.

complaint, Tate names a single defendant–the Commonwealth of Pennsylvania– and alleges that the Commonwealth violated his civil rights in the course of a state prosecution of Tate in Mifflin County on public drunkenness charges. Alleging that this state prosecution was mishandled in various ways, and resulted in the dismissal of these state charges, Tate now sues the Commonwealth, seeking both compensatory and punitive damages. (Id.)

Along with these *pro se* complaints, Tate previously filed a motion for leave to proceed *in forma pauperis*, (Doc. 2), which was granted by the court. (Doc. 17.) While we have granted the motion to proceed *in forma pauperis*, as part of our legally-mandated screening of *pro se*, *in forma pauperis* cases, we have carefully reviewed this second amended complaint, and conclude that, in its current form, the complaint fails to state a claim upon which relief can be granted. In particular, the complaint, which alleges violations of the United States Constitution, seeks to sue a defendant, the Commonwealth of Pennsylvania, that cannot be sued in federal court under the Constitution. Accordingly, for the reasons set forth below, it is recommended that the complaint be dismissed.

## II.     Discussion

### A.     Screening of *Pro Se* Complaints–Standard of Review

This Court has a statutory obligation to conduct a preliminary review of *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis* in cases which seek redress against government officials. See 28 U.S.C. § 1915(e)(2)(B)(ii). Specifically, the Court must assess whether a *pro se* complaint fails to state a claim upon which relief may be granted, since Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In addition, when reviewing *in forma pauperis* complaints, 28 U.S.C. § 1915(e)(2)(B)(ii) specifically enjoins us to "dismiss the complaint at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted." This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) continuing with our opinion in Phillips [v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008)]and culminating recently with the Supreme Court's decision in Ashcroft v. Iqbal –U.S.–, 129 S.Ct. 1937 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the Court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn from the complaint are to be construed in the light most favorable to the plaintiff. Jordan v. Fox Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged." Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

4

will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id. In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. Rather, in conducting a review of the adequacy of a complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 679.

Thus, following Twombly and Iqbal a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

5

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis: "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Iqbal, 129 S.Ct. at 1947. Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Id. at 1950. Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.' Id." Santiago v. Warminster Tp., 629 F.3d 121, 130 (3d Cir. 2010).

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rules of Civil Procedure which defines what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the

pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* plaintiff's complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

**B.   The Eleventh Amendment to the United States Constitution Bars this Lawsuit Against the Commonwealth of Pennsylvania, the Sole Defendant Identified in the Caption of this Case**

In this case, dismissal of this complaint is warranted because Tate's *pro se* second amended complaint runs afoul of basic constitutional and statutory rules limiting lawsuits against state agencies and officials. First, as a matter of constitutional law, the Eleventh Amendment to the Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the . . . States . . . .", U. S. Const. Amend XI. By its terms, the Eleventh Amendment strictly limits the power of federal courts to entertain cases brought by citizens against the state and state agencies. Moreover, a suit brought against an individual acting in his or her official capacity constitutes a suit against the state and therefore also is barred by the Eleventh Amendment. Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989).

Pursuant to the Eleventh Amendment, states, state agencies and state officials who are sued in their official capacity are generally immune from lawsuits in federal courts brought against them by citizens. Seminole Tribe v. Florida, 517 U.S. 44, 54 (1996). Under the Eleventh Amendment, the Commonwealth's immunity exists as a matter of law unless waived by the state, or expressly and unequivocally abrogated by Congress. Congress has not expressly abrogated this constitutional immunity with respect to federal civil rights lawsuits against the Commonwealth of Pennsylvania, and the Commonwealth clearly has not waived its immunity. Quite the contrary, the Commonwealth has specifically by statute invoked its Eleventh Amendment immunity in 42 Pa.C.S.A. §8521(b). Thus, while Pennsylvania has, by law, waived sovereign immunity in limited categories of cases brought against the Commonwealth in state court, See 42 Pa.C.S.A. §8522, Section 8521(b) flatly states that: "Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States." 42 Pa.C.S.A. §8521(b).

The constitutional protections afforded to the states under the Eleventh Amendment also expressly apply to claims involving state law enforcement agencies; Atkin v. Johnson, 432 F. App'x 47, 48 (3d Cir. 2011), and the various county common pleas courts, which are defined by statute as institutions of state government. See, e.g., Walters v. Washington County, No. 06-1355, 2009 WL 7936639 (W.D. Pa.

8

March 23, 2009); Van Tassel v. Lawrence County Domestics Relations Section, No. 09-266, 2009 WL 3052411 (W.D. Pa. Sept. 22, 2009).

Moreover, beyond these constitutional considerations, as a matter of statutory interpretation, the plaintiff cannot bring a damages action against the Commonwealth since it is also well-settled that a state, a state agency, or a state official acting in an official capacity is not a "person" within the meaning of 42 U.S.C. §1983, the principal federal civil rights statute. Will v. Michigan Dep't. of State Police, 491 U.S. 58, 71 (1989). In sum, Tate's federal civil rights claims for damages against the Commonwealth of Pennsylvania–the sole named defendant currently in the caption of this case–are barred both by the Eleventh Amendment to the United States Constitution and by cases construing the federal civil rights statute, 42 U.S.C. §1983. Therefore, since the state cannot be sued in this fashion in federal court, this second amended complaint should be dismissed.

We recognize that in civil rights cases *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, See Fletcher-Hardee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless granting further leave to amend would be futile or result in undue delay. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). In this case, the plaintiff was given leave to amend this complaint, but to no avail. Since this latest *pro se* complaint still does not comply with these pleading rules, and does not contain sufficient factual

recitals to state a claim upon which relief may be granted, these allegations should be dismissed under 28 U.S.C. § 1915A, and Rule 12(b)(6) of the Federal Rules of Civil Procedure. Moreover, since the factual and legal grounds proffered in support of the complaint make it clear that he has no right to relief, granting further leave to amend would be futile or result in undue delay. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). Therefore it is recommended that the complaint be dismissed without further leave to amend.

### III. Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the plaintiff's second amended complaint (Doc. 20) should be dismissed with prejudice.

The parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of

that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 4th day of September, 2012.

<em><strong>S/Martin C. Carlson</strong></em><br>
Martin C. Carlson<br>
United States Magistrate Judge